BRUNOT, Justice.
 

 On June 11, 1935, the city of New Orleans filed a rule against the defendant, a wholesale dealer in wines of an alcoholic content of more than 6 per cent, by volume, to levy and collect an excise or license tax of 50 cents per barrel on all wines sold by the defendant between September 1, 1934, and December 31, 1934, claiming that the said tax was due under the provisions of Ordinance No. 14,059 of the Commission Council Series, adopted December 19, 1933-
 

 The defendant filed an exception of no right or cause of action on the ground that the said ordinance was without legal effect after September 10, 1934, when Act No. 3 of the First Extraordinary Session of the Legislature of the year 1934 went into effect, and, therefore, there was no city ordinance taxing wines of an alcoholic content of more than 6 per cent, during the period that the city seeks to recover a tax on such wines from the defendant.
 

 The exceptions were overruled and the rule was made absolute in favor of the plaintiff, and the defendant appealed.
 

 There are two questions presented: (1) Was Ordinance No. 14,059, Commission Council Series, valid when adopted? (2) Were its provisions nullified by any subsequent statute, and particularly Act No. 3 of the First Extraordinary Session of 1934?
 

 Ordinance No. 14,059, Commission ■ Council Series, was adopted by the city under its police and taxing powers granted to it by its charter.
 

 In upholding the validity of this very ordinance, in the case of Peter Centanni v. the City of New Orleans (No. 32900 of the docket of this court), on May 15, 1934, when we refused to issue a writ of certiorari, we said:
 

 “If the municipality was within its lawful powers in adopting the ordinance under review, it is unimportant whether the ordinance was adopted as a revenue measure or as a regulatory measure. The real question at issue is whether, in view of Section 8 of Article 10 of the Constitution of 1921, providing that ‘No political subdivision (of the state) shall impose a greater license tax than is imposed for state purposes,’ the municipality has exceeded its authority in imposing a license tax on dealers in intoxicating liquors when the state itself has not imposed such license tax.
 

 
 *469
 
 “Article 229 of the Constitution of 1898, which declared that no political corporation should impose a greater license tax than was imposed for state purposes, contained the proviso, ‘this restriction shall not apply to dealers in distilled, alcoholic or malt liquors.’ The same proviso was incorporated in the Constitution of 1913. The reason why the proviso was omitted from the Constitution of 1921 was, obviously, because at that time the liquor traffic was prohibited. The proviso was not necessary. It is clear, therefore, that the limitation imposed by the Constitution of 1921 on the political subdivisions of the state, in the matter of imposing license taxes, has no relation whatever to the imposition of license taxes on the sale of intoxicating liquors, and cannot be invoked now to prevent the municipality from levying a license tax on any person, firm or corporation engaging in the liquor business. For that reason we see no error in the ruling complained of. Writ refused.”
 

 It is interesting to note that the Legislature at the regular session of 1934 passed Act No. 77, which was adopted as a constitutional amendment at the general election in 1934, whereby section 8 of article 10 of the Constitution was amended so as to expressly provide that the limitations contained in that section of the Constitution did not apply to dealers in malt and vinous liquors. This, of course, was in accord with the views expressed by this court in interpreting that section of the Constitution.
 

 The only effect that Act No. 2 of the Extra Session of 1933 had on the power of the plaintiff to levy an excise or license tax on the sale of wines within its limitations, was the provision in section 19 of the act, requiring that municipal license taxes should conform to the provisions of section 8 of article 10 of the Constitution, and that such license should not exceed the equivalent of a tax of 50 cents per barrel of 31 standard gallons. The license levied by the ordinance does conform to the provisions of section 8 of article 10 of the Constitution and section 19 of the statute.
 

 Therefore, the ordinance was validly and legally adopted.
 

 Act No. 2 of the Extra Session of 1933 levied a tax on the sale of wine of an alcoholic content not exceeding that which was then permitted or which might thereafter be permitted by law, but greater than one-half of 1 per cent, of alcoholic content by volume.
 

 Act No. 15 of the Regular Session of 1934 levied a license tax on the sale of wines containing more than 6 per cent, alcoholic content by volume. Act No. 15 of 1934 did not repeal Act No. 2 of the Extra Session of 1933, because the Legislature in section 32 of the later act expressly stated that no part of Act No. 2 of the Extra Session of 1933 was repealed. Both of these statutes apply to liquors generally, and, therefore, there were two state laws levying a tax on liquors.
 

 In order to avoid any confusion and to clarify the law, the Legislature adopted Act No. 3 of the First Extra Session of 1934, which amended Act No. 15 of the Regular Session of 1934, by stating that
 
 *471
 
 Act No. 2 of the Extra Session of 1933, would apply to the sales of wines of an alcoholic content of less than 6 per cent, by volume-
 

 We find nothing in this last act placing an additional limitation upon the city’s right to levy a license tax on liquors, other than that found in the previous statute, which limited the tax to 50 cents per barrel of 31 standard gallons.
 

 Counsel for the defendant argue that Act No. 3 of the First Extra Session of 1934, amending Act No. 15 of the Regular Session of 1934, nullified the city’s ordinance, because the statute dealt particularly with the same subject-matter as provided for by Ordinance No. 14,059, Commission Council Series, thereby nullifying it, and therefore the city of New Orleans had no ordinance regulating excise or license taxes on wines containing an alcoholic content greater than 6 per cent, by volume in the interim between September 10, 1934, the date that Act No. 3 of the First Extraordinary Session of 1934, amending Act No. .15 of the Regular Session of 1934, went into effect, and December 31, 1934. We find no conflict between the two state statutes on this subject and the ordinance of the city of New Orleans. 'Under both state laws and the city ordinance, the sale of wines containing an alcoholic content of less than 6 per cent, by volume and sales of wines with an alcoholic content of more than 6 per cent, by volume are taxed. Nothing in these statutes impose any limitations upon the city’s taxing power, except as we have above stated, and the, ordinance is in accord with the state law in that respect. It was, therefore, unnecessary for the city to pass another ordinance, after Act No. 3-of the First Extra Session of 1934 became effective on September 13, 1934, in order to levy a license or excise tax on the-sales of wines containing an alcoholic content of more than 6 per cent, by volume. This is particularly true, since the city’s power to enact Ordinance No. 14,059, Commission Council Series, did not depend entirely upon Act No. 2 of the Extra Session of 1933.
 

 It appears that the members of the Legislature were of the opinion that Act No. 15 of the Regular Session of 1934, and Act No. 3 of the First Extra Session of 1934,. did not affect the right of a municipality to levy a license or excise tax based on the number of gallons of wine sold, except that the tax should not exceed 50 cents per barrel of thirty-one standard gallons, because, in the Third Extra Session of 1934,. the Legislature adopted Act No. 1 which expressly took away from municipalities the right to levy and collect such a tax. But that statute, by its express terms, did not go into effect until after the beginning of the year 1935, and, consequently, it is. not controlling in this case.
 

 We conclude that the city’s ordinance was not nullified by any of the state’s statutes, and was in force and effect during the period in question.
 

 For the reasons assigned, the judgment is affirmed.